IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD LOVENTHAL, | ) | |
| | ) | |
|     Creditor-Appellant, | ) | |
| | ) | |
|     v. | ) | No. 15 C 6397 |
| | ) | |
| ZISL TAUB EDELSON, | ) | |
| | ) | |
|     Debtor-Appellee. | ) | |

MEMORANDUM OPINION AND ORDER

The Bankruptcy Code allows a debtor to exempt from her estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety... to the extent that such interest...is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B) ("TBE exemption"); *see also* 735 ILCS § 5/12-112 (exempting TBE property from process to satisfy judgments against only one spouse).

The question presented in this bankruptcy appeal is whether the debtor, Zisl Taub Edelson ("Zisl"), is entitled to the TBE exemption for her beneficial interest in the residence owned by her non-debtor husband's living trust. The bankruptcy court overruled an objection by one of Zisl's creditors to her claimed TBE exemption. For the reasons stated below, I affirm the bankruptcy court's order.

1

I.

The following facts are undisputed. In April 2001, Zisl and her husband, Claude Edelson ("Claude"), purchased a single family home at 2915 West Farwell Avenue in Chicago, Illinois. R. 226.[1] The Edelsons owned their home--henceforth referred to as "the Farwell Residence"--as tenants by the entirety. *Id*.

In April 2014, the Edelsons conveyed the Farwell Residence to Clause's living trust. R. 244-47. The warranty deed effectuating the conveyance stated that "the beneficial interest of said trust [is] held by Claude J. Edelson and Zisl Taub Edelson, husband and wife, as tenan[ts] by the entirety." R. 244.

In November 2014, Zisl petitioned for relief under Chapter 13 of the Bankruptcy Code. *See* 11 U.S.C. § 1301 *et seq*. She listed Leonard Loventhal ("Loventhal"), to whom she owes a judgment debt of $66,000, as one of her unsecured creditors. R. 299. When Zisl claimed the TBE exemption for the Farwell Residence, R. 283, Loventhal renewed his previously filed objection to such the exemption. Loventhal argued that the Edelsons severed their TBE when they conveyed the Farwell Residence to Claude's living trust because the trust agreement gave Claude unilateral powers over the property that are

---

[1] All record ("R.") citations refer to page numbers in the four volume appendix that Loventhal filed with his opening brief.

inconsistent with a TBE arrangement. The bankruptcy court overruled Loventhal's objection on the ground that he "ha[d] not shown that the transfer into trust was inconsistent with a tenancy by the entirety under Illinois law." *In re Edelson*, 533 B.R. 651, 652 (Bankr. N.D. Ill. 2015).

## II.

The bankruptcy court's order overruling Loventhal's objection to the claimed TBE exemption is a final order under 28 U.S.C. § 158(a)(1) from which an immediate appeal can be taken. *See In re Kazi*, 985 F.2d 318, 320 (7th Cir. 1993); *In re Barker*, 768 F.2d 191, 194 (7th Cir. 1985). I do not have jurisdiction to entertain Loventhal's objections to Zisl's proposed payment plan because the bankruptcy court had not confirmed the plan when Loventhal filed his notice of appeal. *See In re McKinney*, 610 F.3d 399 (7th Cir. 2014).

The bankruptcy court decided the TBE exemption issue based on a set of stipulated facts, so there are no factual findings for me to review. I review the bankruptcy court's legal conclusions de novo. *See In re Bulk Petrol. Corp.*, 796 F.3d 667, 672 (7th Cir. 2015).

"A tenancy by the entirety is a unique sort of concurrent ownership that can only exist between married persons." *U.S. v. Craft*, 535 U.S. 274, 280 (2002). "Like joint tenants, tenants by the entirety enjoy the right of survivorship. Also like a

3

joint tenancy, unilateral alienation of a spouse's interest in entireties property is typically not possible without severance. Unlike joint tenancies, however, tenancies by the entirety cannot easily be severed unilaterally. Typically, severance requires the consent of both spouses, or the ending of the marriage in divorce." *Id*. at 281 (internal citations omitted).

The Joint Tenancy Act ("Act"), 765 ILCS § 1005 *et seq.*, governs TBEs in Illinois. The Act provides that:

> Where the homestead is held in the name or names of a trustee or trustees of a revocable inter vivos trust or of revocable inter vivos trusts made by the settlors of such trust or trusts who are husband and wife, and the husband and wife are the primary beneficiaries of one or both of the trusts so created, and the deed or deeds conveying title to the homestead to the trustee or trustees of the trust or trusts specifically state that the interests of the husband and wife to the homestead property are to be held as tenants by the entirety, the estate created shall be deemed to be a tenancy by the entirety.

*Id*. at § 1005/1c. "[U]nless otherwise assented to in writing by both tenants by the entirety, the estate in tenancy by the entirety so created shall exist only if, and as long as, the tenants are and remain married to each other, and upon the death of either such tenant the survivor shall retain the entire estate." *Id*.

On appeal, Loventhal argues that the Edelsons severed their TBE when they conveyed the Farwell Residence into Claude's living trust. The upshot, according to Loventhal, is that Zisl

4

cannot shield the Farwell Residence from her creditors under the TBE exemption.  It is Loventhal's burden to show that Zisl is not entitled to the TBE exemption.  *See* Fed. R. Bankr. P. 4003(c).

My analysis starts with the Act's requirements for TBEs. It is undisputed that the Farwell Residence is a homestead held in a revocable living trust made by settlors who are husband and wife as well as the trust's primary beneficiaries.[2]  The deed conveying the Farwell Residence to Claude's living trust also comports with the Act's requirement that it "specifically state that the interests of the husband and wife to the homestead property are to be held as tenants by the entirety."  *Id*.

The Act's other requirements for TBEs are satisfied because (a) the Edelsons remain married to each other and (b) Claude's living trust is consistent with the Zisl's right of survivorship.[3]  Loventhal quibbles that although Zisl retains survivorship rights, Claude's trust declaration rather than TBE law now controls the Farwell Residence's disposition.  That argument exalts form over substance.  The survivorship clause in

---

[2] Loventhal has dropped the argument he made below that Claude is the only settlor of his living trust.

[3] R. 260 at ¶ C.2.f ("Upon my death, if my spouse survives me, any interest in a residence owned by this trust at my death shall be held in trust for use by my spouse until my spouses's death.").

5

Claude's trust declaration is a statement of TBE law rather than an attempt to displace it.

Loventhal's final argument is that Claude's trust declaration gives him unilateral rights to control the Farwell Residence that are inconsistent with an essential feature of TBEs: that neither spouse, acting alone, may alienate the underlying property. *Craft*, 535 U.S. at 281. As Loventhal points out, the trust declaration empowers Claude to (a) transfer assets held therein if Zisl becomes incapacitated, R. 252-523 at ¶ L; (b) pay his debts using trust assets, R. 254 at ¶ A.1; (c) amend the trust or revoke it and take possession of its assets, R. 268 at ¶¶ B-C; and (d) sell trust property.

Those provisions, however, must be read against the backdrop of an earlier provision in the trust declaration: "Pursuant to 765 ILCS [§] 1005/1c, as amended, nothing in this trust shall be construed in a manner so as to allow a creditor to enforce a judgment against our primary residence held in this trust." R. 252 at ¶ K. In other words, the trust should not be construed in a way that would sever a TBE and expose the underlying property to one of Claude's or Zisl's creditors.[4] Under this rule of construction, Claude's general powers with

---

[4] Loventhal relies on cases where the trust declaration did not include a similar provision protecting TBE property. *In re Lewiston*, 539 B.R. 154, 161 (E.D. Mich. 2015); *In re Stanke*, 234 B.R. 439 (Bankr. W.D. Mo. 1999).

6

respect to trust assets are subject to the important proviso that he may not take unilateral actions with respect to the Farwell Residence.

In sum, Loventhal has not carried his burden of showing that the Edelsons severed their TBE with respect to the Farwell Residence when they conveyed it to Claude's living trust.

III.

The bankruptcy court's order overruling Loventhal's objection to Zisl's claimed TBE exemption is AFFIRMED for the reasons stated above.

**ENTER ORDER:**

_____
       **Elaine E. Bucklo**
United States District Judge

Dated: January 13, 2016